IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LeRoy Shaw, # 301480, | ) Civil Action No. 9:14-0741-RBH-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Ann Hallman, Branch Chief; William R. Byars, Director; Leroy Cartledge, Warden; Scott Lewis; James Parker; Frank Mursier; Alleson Glidewell; Joyce Young, Loris; Holmes; and Maria Leggins; | ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on March 9, 2015. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on March 10, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted.

Plaintiff thereafter file a response in opposition to the Defendants' motion on April



- 1 -

1, 2015, following which the Defendants filed a reply memorandum on April 13, 2015, and Plaintiff filed a sur reply on April 27, 2015. The Defendants' motion is now before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified Complaint[2] that on or about November 16, 2012, he went to the McCormick Correctional Institution mail room to mail his response to a motion for summary judgment that had been filed in another one of his legal actions,[3] Shaw v. Byars, et al., Civil Action No. 9:12-520, that Plaintiff alleges was due on December 6, 2012. Plaintiff alleges he gave a U. S. Mail postage paid sealed envelope to the mail room clerk. Plaintiff alleges his legal mail was addressed to the District Court but that it "never made it there", and that an "inference" can be drawn from these allegations that "prison officials destroyed or sabotage[d] my legal documents". Plaintiff alleges that because of this "sabotage", he has been hindered in his efforts to pursue a non-frivolous legal claim and suffered harm, including the possibility that his case could be dismissed, all in violation of his constitutional right of access to the courts. Plaintiff further alleges that he filed a grievance on October 23, 2010 about "not being able to proceed with pending litigation" due to the "sabotage" of his legal documents. Plaintiff seeks monetary damages, as well as injunctive relief

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[3] Plaintiff is a frequent filer of litigation in this Court. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].



prohibiting "future violation[s]".

In an amendment to his Complaint filed August 13, 2014, Plaintiff further alleges that he filed Request to Staff Member forms with the Defendants Byars, Cartledge and Leggins on December 28, 2012 concerning his legal mail, but that notwithstanding the Request to Staff Member and/or grievances he filed, the "Defendants failed to remedy wrong". Plaintiff alleges the supervisory personnel named as Defendants "created policy or custom under which unconstitutional practices occurred . . . or allowed continuation of such policy custom". In doing so, Plaintiff alleges the Defendants were deliberately indifferent to his rights through their "gross negligence". Plaintiff alleges that "[b]ecause of the sabotaged or destroyed . . . legal documents, the Plaintiff failed to meet the December 6, 2012 deadline", and his case was dismissed for failure to exhaust his administrative remedies. Hence, Plaintiff alleges that he was hindered in his efforts to pursue a non-frivolous legal claim and suffered harm because the Defendants "sabotage[d] or destroyed [my] legal documents", thereby denying him his constitutional right of access to the Courts.

As an attachment to his original Complaint, Plaintiff submitted an affidavit wherein he reinterates the allegations of his Complaint, as well as some other documents showing where his prisoner account was debited $1.10 for postage.[4] Plaintiff has attached as exhibits to the amendment of his Complaint documents showing the response date due for his response to the motion for summary judgment in Civil Action No. 9:12-520, selected copies of portions of the Report and Recommendation entered in that case, and several Request to Staff Member forms Plaintiff submitted related to this issue. See generally, Plaintiff's Verified Complaint, as amended with

---

[4] While Plaintiff's exhibit shows a total charge of $1.10, the charges reflect a breakdown of $.20 for two envelopes and $.90 postage. See Court Exhibit 1-1, p. 4.



attached Exhibits.

In support of summary judgment in the case, the Defendants have submitted an affidavit from Jennifer Franklin, who attests that she is employed in the mail room at the McCormick Correctional Institution, that she is aware of Plaintiff's allegations concerning the mail he alleges was sent on November 16, 2012, that she is unable to recall any specific mail on that date, and that she has not interfered in anyway with the mail of the Plaintiff or any other inmate. See generally, Franklin Affidavit.[5]

The Defendants have also submitted an Affidavit from the Defendant Joyce Young, who attests that she is the mail room Director at the McCormick Correctional Institution, and that she also does not recall any specific mail from the date of November 16, 2012. Young further attests that she checked the records and that Plaintiff was charged .90 cents for postage, which would be required to mail two letters with a weight of less than or equal to one ounce. Young attests that one ounce would be approximately five pages, which would mean that the Plaintiff would have had sufficient postage for five pages or less each on that date. See generally, Young Affidavit.

Finally, the Defendants have submitted copies of the Report and Recommendation, final Order of the District Court, and decision of the Fourth Circuit Court of Appeals upholding the District Court decision in Plaintiff's Civil Action No. 9:12-520.

As attachments to his response in opposition to the Defendants' motion for summary judgment, Plaintiff has submitted copies of several grievances he submitted to the prison, copies of selected pages from the Report and Recommendation entered in case No. 9:12-520, a portion of an

---

[5]Although it is apparent from various exhibits filed in this case that Franklin was the mail clerk who received Plaintiff's mail on November 16, 2012, she has not been named as a Defendant.

- 4 -



affidavit that had been filed in Civil Action No. 9:12-520, a letter from the Postmaster of McCormick South Carolina advising Plaintiff that a weight of one ounce and below can be carried by .46 cents postage, with each additional ounce requiring .20 cents additional postage, copies of some discovery responses, and an affidavit from the Plaintiff attesting that he sent Request to Staff Member forms to the Defendants Byars, Cartledge, and Leggins.  Plaintiff has also submitted some additional discovery responses as attachments to his sur reply.  See generally, Plaintiff's Exhibits.[6]

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991).  Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial.  Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992).  Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).  Here, after

---

[6] Although not part of his responses to the motion for summary judgment, Plaintiff has also submitted two (2) "Declarations" with attached exhibits (Court Docket Nos. 51 and 52), which have been reviewed as part of the undersigned's consideration of the motion for summary judgment.



9:14-cv-00741-RBH     Date Filed 06/16/15     Entry Number 59     Page 6 of 10

careful review and consideration of the arguments and evidence presented, the undersigned finds for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment in this case.

With respect to Plaintiff's complaints about his legal mail, Plaintiff has provided no evidence to show that any named Defendant,[7] or anyone else, interfered with the mailing of his summary judgment response in Civil Action No. 9:12-520 while he was incarcerated at the McCormick Correctional Institution. Rather, Plaintiff just asserts that they must have done so. See House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. None of Plaintiff's exhibits or affidavits contain or provide any evidence to support Plaintiff's general and conclusory claim that one or more of the Defendants interfered with his mail in order to prevent Plaintiff from filing a response to a pending motion for summary judgment such as to allow this claim to proceed. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Johnson v. Reno Police Chief, 718 F.Supp. 36, 38 (D.Nd. 1989) ["Even a pro se plaintiff may not rely wholly on conclusory allegations, but rather must allege facts which, if proven, would entitle the plaintiff to relief"]. Plaintiff has also submitted no evidence to support his general and conclusory allegations that the Defendants interfered with the mailing at issue in

---

[7]Plaintiff has listed several Defendants in the caption of his Complaint who are named solely because they are supervisory officials at the prison or were (or may have been) involved in his grievance process. None of these Defendants had, or are alleged to have had anything to do with, the operation of the mail room at the prison. As such, even if this case were to otherwise proceed to trial against the Defendant Young (the mail room director), the Defendants Hallman, Byars, Cartledge, Lewis, Parker, Mursier, Glidewell, Holmes, and Leggins would all be entitled to dismissal as party Defendants. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 at n. 1-2 (4th Cir. 1977)[Holding that the doctrines of vicarious liability and respondeant superior are not applicable to § 1983 actions].

- 6 -



retaliation or in an attempt to sabotage his right of access to the courts. See Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) [speculative and conclusory allegations cannot support retaliation claim]; LaCroix v. Williams, No. 97-0790, 2000 WL 1375737 at *4 (W.D.N.Y. Sept. 21, 2000) ["Plaintiff's conclusory allegations aside, there is simply nothing in the record to support his version of the facts and plaintiff's claim for retaliation fails"]; Wright v. Vitall, No. 91-7539, 1991 WL 127597 at **1 (4th Cir. July 16, 1991) [Retaliation claim based on mere conclusory statements cannot withstand defendants' summary judgment motion].

In any event, even if Plaintiff had submitted evidence sufficient to give rise to a genuine issue of fact as to whether any named Defendant did interfere with or otherwise improperly handled his mail (which he has not), in order to proceed with this claim Plaintiff must also have evidence to show that he was prejudiced in a pending court proceeding because of improper conduct or actions by the Defendants. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010)["[A] prisoner must demonstrate actual injury from interference with his access to the courts - that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement."]. Plaintiff has provided no evidence to show that any conduct by the Defendants prejudiced him in Civil Action No. 9:12-520, as a review of the docket in that case as well as the final Order of the District Judge (who reviewed the Report and Recommendation de novo), shows that Plaintiff was able to file numerous memoranda, documents and exhibits in opposition to the Defendants' motion for summary judgment in that case, all of which were considered by the District Judge in issuing his final Order. See Shaw v. Byars, et



- 7 -

al., Civil Action No. 9:12-520, at Docket Nos. 112, 113, 114, 115, 121, 126, 127, 128, 129. See also Court Docket No. 130 (Order adopting Report and Recommendation). Plaintiff's appeal of the District Court's decision was thereafter denied by the Fourth Circuit Court of Appeals. See Defendants' Exhibit C. Hence, there is simply no evidence before the Court to give rise to a genuine issue of fact as to whether Plaintiff was prejudiced in a pending court proceeding because of the alleged improper conduct or actions by the named Defendants. See Lewis v. Casey, 518 U.S. 343, 349-353 (1996)[Inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure at issue].

Finally, giving Plaintiff's pro se filings the liberal construction to which they are entitled, it may be inferred that Plaintiff is also complaining about the prison grievance system and/or how his grievances were handled relating to this issue. However, even if a claim that Plaintiff's grievances were not properly filed or processed was assumed to be true for purposes of summary judgment, it would fail to state a viable constitutional claim. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) [existence of a prison grievance procedure does not confer any substantive right upon inmates]; Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994) [inmates do not have a constitutionally protected right to a grievance procedure]; Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) [even where a state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights]; Burnside v. Moser, 138 Fed.Appx. 414, 415-416 (3d Cir. June 30, 2005). Therefore, any such claim would be without merit.



## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 16, 2015
Charleston, South Carolina



- 9 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

