UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| LeRoy Shaw, ) | Civil Action No.: 9:14-cv-00741-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Ann Hallman, Branch Chief; William R. ) | |
| Byars, Director; Leroy Cartledge, Warden; ) | |
| Scott Lewis, Ass. Director; James Parker, ) | |
| Ass. Warden; Frank Mursier, Major; ) | |
| Alleson Glidewell, Hearing Officer; Joyce ) | |
| Young, Mailroom Clerk; Loris Holmes, ) | |
| Inmate Grievance Coordinator; Maria ) | |
| Leggins; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, currently incarcerated at the McCormick Correctional Institution in McCormick, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging interference with his mail. Specifically, Plaintiff alleges that Defendants failed to mail his Response in Opposition to Summary Judgment in *Shaw v. Byars, et al.*, Civil Action No. 9:12-cv-520, after he delivered it to the prison mailroom on November 16, 2012. In his objections Plaintiff also claims Defendants intercepted another item of legal mail on or about April 9, 2012. Liberally construing Plaintiff's *pro se* filings, the Magistrate Judge concluded that it could be inferred that Plaintiff was also challenging the prison grievance system based on Defendants' failure to respond to his grievances concerning legal mail.

Pending before the court is Defendants' motion for summary judgment [ECF #53]. Plaintiff filed a response to Defendants' motion to which Defendants filed a reply. Plaintiff then filed a sur-reply. These matters are before the court with the Report and

Recommendation [ECF #59] of Magistrate Judge Bristow Marchant filed on June 16, 2015.[1]

The Magistrate Judge recommended that Defendants' motion for summary judgment be granted and this case dismissed.  Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation on July 20, 2015.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v.*

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

*Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

### Discussion

Mail Claims

The Magistrate Judge found that, with regard to his mail claims, Plaintiff had failed to state a § 1983 claim because he could not demonstrate that he was prejudiced in a pending court proceeding because of any alleged improper conduct of the Defendants. The Magistrate Judge further found that Plaintiff had provided no evidence to show that any named Defendant, or anyone else, interfered with the mailing of his summary judgment response in the civil action entitled *Shaw v. Byars, et al.*, Civil Action No. 9:12-cv-520. Plaintiff argues in his objections that there is pattern evidence indicating that Defendant Young has a history of intercepting Plaintiff's mail.

To state a claim based on delay or non-delivery of legal mail, an inmate must "provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts." *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). The prisoner must demonstrate some actual injury or prejudice caused by the alleged denial of meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Here, Plaintiff's claim fails because he has not demonstrated that the alleged interference with his legal mail caused him to suffer any actual injury or prejudice.

A review of the docket in *Shaw v. Byars, et al.*, Civil Action No. 9:12-cv-520, indicates that the Court received Plaintiff's Response in Opposition to Summary Judgment [ECF #113] on January 3, 2013, and that it was delivered to the prison mailroom by Plaintiff

3

on December 28, 2012. Even though the Response in Opposition to Summary Judgment was received by the Court after the Magistrate Judge issued his Report and Recommendation, the District Judge thoroughly reviewed and considered Plaintiff's Response in Opposition before ruling on the Magistrate Judge's Report and Recommendation. *See Shaw v. Byars, et al.*, Civil Action No. 9:12-cv-520, Order adopting Report and Recommendation, at pg. 3 (stating "[a]ll of these filings [including Plaintiff's Response in Opposition to Summary Judgment] were within the period of time for filing objections and will thus be considered timely by the Court."). In *Shaw v. Byars*, the Court dismissed Plaintiff's complaint after concluding that Plaintiff's case was due to be dismissed for failure to exhaust administrative remedies. In the Order adopting the Report and Recommendation of the Magistrate Judge, the Court addressed Plaintiff's allegations that his original Response in Opposition to Summary Judgment from November 16, 2012, was intercepted by the Defendants in the present case. Plaintiff claimed that crucial evidence of his exhaustion of administrative remedies was lost when his Response in Opposition to Summary Judgment was intercepted by the Defendants on or about November 16, 2012. With regard to the evidence Plaintiff claims was lost - evidence that Plaintiff filed a Step 1 grievance, the Court indicated in its analysis that even if the Court assumed that Plaintiff filed a Step 1 grievance, Defendants would still be entitled to summary judgment for failure to exhaust because Plaintiff had failed to file a Step 2 grievance. *Id*. at 5. Because the Court considered Plaintiff's Response in Opposition to Summary Judgment and Defendants would still have been entitled to summary judgment in *Shaw v. Byars* even with evidence that Plaintiff filed a Step 1 grievance, Plaintiff cannot show any prejudice from the alleged interception of legal mail or failure to send Plaintiff's Response in Opposition to Summary

4

Judgment on or about November 16, 2012. Plaintiff has also failed to show any prejudice in a pending legal proceeding with respect to the alleged interception of legal mail on or about April 9, 2012. Defendants are therefore entitled to summary judgment on Plaintiff's interference with legal mail claims.

<u>Prison Grievance System</u>

Construing Plaintiff's *pro se* filings liberally, the Magistrate Judge inferred that Plaintiff could also be raising a claim concerning the prison grievance system. The Magistrate Judge concluded that any such claim would be without merit because alleged violations of a prison grievance system do not rise to the level of a constitutional violation. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (existence of a prison grievance procedure does not confer any substantive right upon inmates); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Brown v. Dodson*, 863 F. Supp. 284 (W.D.Va. 1994) (inmates do not have a constitutionally protected right to a grievance procedure); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D.Ill. 1982) (even where a state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights]; *Burnside v. Moser*, 138 Fed.Appx. 414, 415-416 (3d Cir. June 30, 2005). Plaintiff does not appear to assert any objections related to the Magistrate Judge's conclusions regarding any potential claim arising from the prison grievance system.

## **<u>Conclusion</u>**

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied

the law to the facts of this case. The court has reviewed Plaintiff's objections and finds that they are without merit.

Accordingly, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF #59] of the Magistrate Judge. Defendants' motion for summary judgment [ECF #53] is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

Florence, South Carolina                                    s/ R. Bryan Harwell
August 5, 2015                                              R. Bryan Harwell
                                                            United States District Judge